CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 17 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KATHERYN D. CLINEDINST, | ) | |
| | ) | Civil Action No. 5:08CV00027 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Katheryn D. Clinedinst, was born on June 5, 1961. Mrs. Clinedinst reached the tenth grade in school. She has received a GED. As will be developed below, the information concerning plaintiff's past work record is limited. A vocational expert testified at the administrative hearing that plaintiff's file suggests prior work as a housekeeper, janitor, sewing machine operator, caregiver, kitchen helper, and arcade attendant. (TR 385-86). Mrs. Clinedinst testified at the administrative hearing that she last worked in 1999. (TR 350).

Plaintiff first filed application for a period of disability and disability insurance benefits on January 24, 2001. Her claim was denied upon initial consideration and reconsideration. Mrs.

Clinedinst then sought and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 13, 2002, the Law Judge also determined that plaintiff was not disabled. The Law Judge offered the following comments as to Mrs. Clinedinst's work history:

> At the hearing, the vocational expert testified that claimant has past relevant work as a cleaner, an unskilled job performed at the medium-to-heavy level of exertion; machine attendant, an unskilled job performed at the medium level of exertion; fabric sewer, an unskilled job performed at the light level of exertion; and miniature golf course attendant, an unskilled job performed at the light level of exertion.

(TR 37). The Law Judge found that plaintiff suffered from lumbosacral strain and diabetes mellitus. Despite these impairments, the Law Judge determined that plaintiff possessed sufficient functional capacity to return to her job as a miniature golf course attendant. Accordingly, the Law Judge ultimately concluded that Mrs. Clinedinst was not disabled, and that she was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f).

Mrs. Clinedinst filed a second application for disability insurance benefits on August 10, 2004. On this occasion, she alleged disability onset as of July 30, 1999.[1] The record is unclear as to what medical problems plaintiff cited as causes of her disability at the time she filed her second application. The Administrative Law Judge noted that Mrs. Clinedinst "has two impairments under consideration, which are nonconfirmed reflex sympathetic dystrophy (RSD), and depression." (TR 24). Mrs. Clinedinst now alleges that she has remained disabled to the present time.

The record reveals that plaintiff met the insured status requirements of the Act through the third quarter of 2002, but not thereafter. See, gen., 42 U.S.C. § 423. Thus, the Law Judge framed

---

[1] Reasoning that the doctrine of administrative res judicata barred consideration of the issue of plaintiff's entitlement prior to the date of the first Administrative Law Judge's decision, the second Administrative Law Judge undertook sua sponte to amend plaintiff's application so as to reflect an alleged disability onset date of September 14, 2002, the day after the earlier adverse decision. (TR 21).

2

the issue in this case as whether plaintiff was under a disability within the meaning of the Social Security Act at any time during the period beginning on September 14, 2002 and ending on September 30, 2002, and which persisted for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A).

Mrs. Clinedinst's second application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before the second Administrative Law Judge. The second Administrative Law Judge also decided that plaintiff was not disabled on or before September 30, 2002. The Law Judge found that, during the relevant period, Mrs. Clinedinst suffered from a severe impairment based on a back disorder. (TR 23). Despite this impairment, the Law Judge ruled that plaintiff retained sufficient functional capacity to perform light levels of exertion. The Law Judge went on to find that plaintiff possessed sufficient functional capacity to perform the work in which she previously engaged as a miniature golf course attendant. Accordingly, the second Law Judge ultimately concluded that Mrs. Clinedinst was not disabled and that she is not entitled to a period of disability or disability insurance benefits on the basis of her second application. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Clinedinst has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical

3

findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Stated succinctly, the court finds that there is no evidence in the current administrative record to support one of the assumptions under which the second Law Judge deliberated, i.e., that plaintiff's employment as a miniature golf course attendant constituted "past relevant work" for purposes of the administrative regulations.

In passing, the court notes that both sides have given substantial attention in their briefs and at oral argument to the issue and proper application of the doctrine of administrative res judicata. While resolution of this dispute has no bearing on the court's ruling in this opinion, the court notes that there is substantial reason to believe that the Administrative Law Judge constructively reopened the earlier application in adjudicating the issues attendant to Mrs. Clinedinst's second application for benefits. The Law Judge undertook to summarize all of the medical evidence, both before and after September 14, 2002, in assessing the severity of plaintiff's condition prior to the termination of her insured status. For example, in considering the key and dispositive issue as to the level of plaintiff's subjective discomfort during the critical period, the Law Judge commented as follows:

> In evaluating the evidence presented for review in connection with the current application for disability insurance benefits, there are no findings that convince me that the claimant's pain was of the severity between July 30, 1999 and September 30, 2002, to totally preclude her from performing all work activity. The objective evidence shows the claimant with full capacity to use the arms for bilateral grip strength and with full bilateral arm movements in all directions.

4

(TR 28). By again considering the merits of the issues raised in connection with plaintiff's first application, the Administrative Law Judge seemingly reopened that application so as to put into issue in the present appeal the question of plaintiff's entitlement to disability onset during the period prior to September 14, 2002. See Farley v. Califano, 599 F.2d 606 (4th Cir. 1979).

In any event, the court finds "good cause" for remand for reasons unrelated to the res judicata issue. The second Administrative Law Judge ultimately decided that plaintiff was not disabled because she remained capable of performing one of her past relevant work roles. The Law Judge determined that Mrs. Clinedinst could return to work as a miniature golf course attendant, which the Law Judge considered to be a "light" job based on the testimony of a vocational expert. The Law Judge did not find plaintiff capable of returning to any of her other past jobs.

The difficulty in this case is that there is no evidence in the current record to support the notion that plaintiff's past work as a miniature golf course attendant (or arcade attendant in the vernacular of the vocational expert), qualified as past relevant work for purposes of the administrative scheme. Under 20 C.F.R. § 404.1560(b)(1), it is provided as follows:

> Definition of past relevant work. Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it.

In Mrs. Clinedinst's case, there is simply no evidence from which it might be concluded that plaintiff's work at the miniature golf course was sufficiently gainful as to qualify as past relevant work. See 20 C.F.R. § 404.1572. At the administrative hearing, Mrs. Clinedinst was asked only a few, limited questions about this job. She testified that she thinks she worked at the miniature golf course for eleven months, though she is uncertain as to the year. (TR 384). In one document, Mrs. Clinedinst indicated that she worked at the miniature golf course in 1988 and 1989 (TR 123),

5

although a later interview resulted in what is probably a more accurate notation that such work was performed in 1996. (TR 138).

The vocational expert commented as to the exertional and skill levels of the job in general.[2] (TR 386). The Administrative Law Judge did not discuss any of the particulars of plaintiff's work at the miniature golf course before concluding that it constituted "past relevant work." Perhaps more importantly, unlike most social security cases, the administrative record developed during the initial consideration and reconsideration of plaintiff's second claim includes only a very limited description of the nature, duration, and remuneration of plaintiff's work at the miniature golf course.

As noted above, the regulation suggests that both duration and gainfulness are important considerations in determining whether a job qualifies as "past relevant work." Mrs. Clinedinst's earnings record indicates that in 1996, she had total earnings of $2,070.00 spread out over three quarters of the year. (TR 97). Thus, there is substantial question as to whether the work at the miniature golf course was sufficiently gainful as to support its characterization as "past relevant work." See 20 C.F.R. § 1574(a)(1) and (b). There is also some question as to whether plaintiff had other work activity in 1996 which may have contributed to the earnings total. (TR 138).

The court notes that the finding of capacity to perform past relevant work was of critical importance in the disposition of plaintiff's second claim for benefits. At the time of the second administrative hearing, the Administrative Law Judge announced his belief that plaintiff was clearly

---

[2] In contrast, in the first Administrative Law Judge's decision, it is noted that at the administrative hearing conducted in conjunction with that claim, a vocational expert testified that Mrs. Clinedinst "has past relevant work as a . . . miniature golf course attendant." (TR 37). It is unclear whether the first vocational expert considered the gainfulness or duration of plaintiff's work in this capacity in characterizing such employment as "past relevant work." In any event, the transcript from the first administrative hearing is not part of the current administrative record, and cannot be said to support a finding of substantial evidence for denial of the second claim.

6

disabled for all forms of work as of the time of the hearing, based on a combination of reasons. (TR 383). Had Mrs. Clinedinst been found disabled for past relevant work prior to termination of insured status, it would have been necessary for the Commissioner, with the assistance of a vocational expert, to consider plaintiff's combination of physical and emotional impairments during that earlier period in determining whether she could have performed some alternate work role existing in significant number in the national economy.[3] See 20 C.F.R. § 404.1520(g). See also Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983). Given the importance of the finding to Mrs. Clinedinst's case, it does not seem unreasonable to expect that the Commissioner would develop greater documentation as to the gainfulness and duration of plaintiff's work at the miniature golf course before concluding that her continuing capacity to do such work defeated her second claim for entitlement to social security benefits.

For the reasons stated, the court finds that the current administrative record does not include substantial evidence to support the finding that plaintiff's employment at the miniature golf course constituted "past relevant work" for purposes of 20 C.F.R. § 404.1520(f). Accordingly, the court finds "good cause" for remand of the case to the Commissioner for further consideration of this issue. An appropriate judgment and order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of December, 2008.

*[signature]*
United States District Judge

---

[3] The court believes that the Administrative Law Judge reasonably relied on the testimony of the medical advisor in determining that Mrs. Clinedinst did not suffer from a severe impairment based on RSD prior to the termination of insured status, and that her physical problems during that earlier period were not so severe, persistent, and intractable as to prevent performance of up to light levels of exertion.